UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JEROME WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>E. HAZEL, et al.,<br><br>    Defendants. | Case No. 16-cv-01136-HSG (PR)<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CLAIM WITH LEAVE TO AMEND** |

## INTRODUCTION

On March 7, 2015, plaintiff, an inmate at Pelican Bay State Prison (PBSP), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis by* separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following:

Plaintiff was previously incarcerated at Salinas Valley State Prison ("SVSP") where he was pursuing a *pro se* civil action in state court for dental malpractice and negligence against California Correctional Healthcare Services. Compl. at 3.[1] On July 5, 2015, while still incarcerated at SVSP, plaintiff received a June 12, 2015 order in his state court action denying his "petition for late claim filing." *Id.* Plaintiff had until August 12, 2015 to appeal the order. Compl. at 4. On July 6, 2015, he prepared a notice of appeal and had four copies made. Compl. at 3-4. He intended to mail them out that evening to the state court of appeal. *Id.* Later in the day,

---

[1] All page numbers used herein refer to those affixed to the top of the page by the court's electronic filing program.

however, plaintiff was informed that he would be transferred to PBSP within the hour and was directed to pack his property. Comp. at 4. When he informed an SVSP correctional officer that he had legal documents to mail out that evening, he was instructed to mail them from PBSP. *Id.*

Later that day, plaintiff arrived at Pleasant Valley State Prison ("PVSP") for a "layover." *Id.* The following day, he arrived at PBSP. *Id.* Upon arrival he noticed that his property had not arrived with him. *Id.* Plaintiff spoke with California Department of Corrections and Rehabilitation Transportation Sergeant E. Hazel. *Id.* Hazel informed plaintiff that plaintiff had "too many boxes," that the property was left at PVSP, and that it would arrive "in a couple of weeks, maybe a month." *Id.* When plaintiff informed Hazel that his property included legal documents that needed to be filed, Hazel directed him to file an inmate appeal. *Id.*

On July 8, 2015, plaintiff submitted a request form to PBSP Receiving and Release Sergeant B. Davis informing him of the court deadline and requesting that the property be located and delivered to plaintiff. *Id.* In response, PBSP Receiving and Release Correctional Officer M. Chandler replied that "PBSP has not received any property for you." *Id.*

On July 9, 2015, plaintiff filed an inmate appeal, which he forwarded to the PBSP appeals coordinator. Compl. at 4-5. PBSP Associate Government Program Analyst N. Bramucci then forwarded the appeal to the appeals coordinator at PVSP. *Id.* On July 21, 2015, PVSP Associate Government Program Analyst J. Vierra cancelled the appeal as "resolved," stating that "On 07-20-15, Sgt. Carr in R & R was contacted. He confirmed your property was sent to PBSP via Golden State Overnight (GSO) on 07-14-15." Compl. at 5. Plaintiff received the notice of cancellation on August 2, 2015, whereupon he resubmitted the appeal to the PBSP appeals coordinator, stating that the issue had not been resolved as his property had still not been issued. *Id.* N. Bramucci forwarded the appeal back to PVSP on August 3, 2015. *Id.* On August 13, 2015, J. Vierra again cancelled the appeal stating that he must appeal the cancellation of an appeal by submitting a new appeal. *Id.*

Upon receiving the second cancellation, on August 26, 2015, plaintiff filed a new appeal and forwarded it to the appeals coordinator at PVSP. *Id.* Plaintiff received his property on September 15, 2015, after his state court filing deadline had passed. Compl. at 6.

2

On September 21, 2015, J. Vierra interviewed plaintiff by telephone in response to the new appeal and informed plaintiff that if the new appeal was granted, the original appeal "would be retained at PVSP and heard." Compl. at 5. The new appeal was partially granted on September 22, 2015, with the PVSP warden stating that "Sending [plaintiff's] property to PBSP did not resolve [the] entire issue as [the] issue regarding the affidavit needed to be addressed." *Id.* The response went on to advise plaintiff that if he was dissatisfied with this resolution, he could submit the appeal to the Director of Corrections for Third Level Review. *Id.* On October 7, 2015, plaintiff submitted the appeal for Third Level Review. *Id.* The appeal was cancelled at the Third Level on November 3, 2015. *Id.* Plaintiff never received a decision on his original appeal. Compl. at 5-6.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must

1  proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
3  right secured by the Constitution or laws of the United States was violated; and (2) that the
4  violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
5  42, 48 (1988).

6  **II.     Legal Claims**

7      **A.      Access to Courts**

8  Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S.
9  343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any
10 violation of the right of access to the courts, the prisoner must prove that there was an inadequacy
11 in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-
12 55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program
13 hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of
14 confinement. *See id.* at 354-55. Destruction or confiscation of legal work may violate an inmate's
15 right to access to the courts. *See Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989); *Bounds
16 v. Smith*, 430 U.S. at 828.

17 Giving the *pro se* complaint the liberal construction to which it is entitled, the allegations
18 are sufficient to state a Section 1983 claim for denial of access to the courts as against E. Hazel, B.
19 Davis, M. Chandler, N. Bramucci, and J. Vierra.

20     **B.      Due Process**

21 Plaintiff also alleges a due process claim against E. Hazel, claiming that E. Hazel "made a
22 personal decision to leave Plaintiff's property at Pleasant Valley State Prison while transporting
23 Plaintiff to Pelican Bay State Prison, thus depriving Plaintiff of his property without a hearing."
24 Compl. at 9-10. More facts are necessary to determine whether plaintiff states a cognizable claim.
25 Ordinarily, due process of law requires notice and an opportunity for some kind of hearing
26 prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v.
27 Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of
28 property states a due process claim under § 1983 if the deprivation was random and unauthorized.

*See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). This is because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." *Hudson*, 468 U.S. at 533. The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim). *Parratt* does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc). In those instances, the Fourteenth Amendment requires "an opportunity . . . granted at a meaningful time and in a meaningful manner, . . . for a hearing appropriate to the nature of the case." *Logan*, 455 U.S. at 437. Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. *See Zimmerman*, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing

officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); *Armendariz*, 31 F.3d at 866.

Plaintiff shall been given an opportunity to file an amended complaint to attempt to state sufficient facts to show that E. Hazel's actions were not random and unauthorized, but the result of "established state procedure," in order to state a cognizable Section 1983 claim. *See Zimmerman*, 255 F.3d at 738. However, if plaintiff's allegations show that E. Hazel's actions were random and unauthorized, then the claim will be dismissed without prejudice to filing as a state action. *See Barnett*, 31 F.3d at 816-17.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's due process claim against defendant E. Hazel is dismissed from this action with leave to amend. If Plaintiff chooses to amend this claim, he must file an amended complaint within **thirty (30)** days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (16-1136 HSG (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that because an amended complaint completely replaces any previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims that have been found cognizable and the defendants that have been ordered served. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If plaintiff fails to file a proper amended complaint within the designated time, the initial complaint (Docket No. 1) shall continue as the operative complaint, and this instant action will proceed on the access to courts claim against the defendants served below.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon the following defendants: (1) **E. Hazel** at **the California Department of Corrections**

1 **and Rehabilitation**; (2) **B. Davis**, **M. Chandler**, and **N. Bramucci** at **Pelican Bay State Prison**;
2 and (3) **J. Vierra** at **Pleasant Valley State Prison**. The Clerk shall also mail a courtesy copy of
3 the complaint and this order to the California Attorney General's Office.

4     3.    In order to expedite the resolution of this case, the Court orders as follows:

5     a.    No later than **91 days** from the date this Order is filed, defendants must file
6 and serve a motion for summary judgment or other dispositive motion. If defendants are of the
7 opinion that this case cannot be resolved by summary judgment, defendants must so inform the
8 Court prior to the date the motion is due. A motion for summary judgment also must be
9 accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what
10 is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
11 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
12 served concurrently with motion for summary judgment). A motion to dismiss for failure to
13 exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice.
14 *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

15     b.    Plaintiff's opposition to the summary judgment or other dispositive motion
16 must be filed with the Court and served upon defendants no later than **28 days** from the date the
17 motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment
18 provided later in this order as he prepares his opposition to any motion for summary judgment.
19 Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-
20 exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

21     c.    Defendants **shall** file a reply brief no later than **14 days** after the date the
22 opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No
23 hearing will be held on the motion.

24     4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the
25 Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
26 do in order to oppose a motion for summary judgment. Generally, summary judgment must be
27 granted when there is no genuine issue of material fact – that is, if there is no real dispute about
28 any fact that would affect the result of your case, the party who asked for summary judgment is

7

United States District Court
Northern District of California

1 entitled to judgment as a matter of law, which will end your case. When a party you are suing
2 makes a motion for summary judgment that is properly supported by declarations (or other sworn
3 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
4 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
5 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
6 documents and show that there is a genuine issue of material fact for trial. If you do not submit
7 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
8 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*
9 *Rowland,* 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

10 Plaintiff also is advised that a motion to dismiss for failure to exhaust available
11 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
12 prejudice. You must "develop a record" and present it in your opposition in order to dispute any
13 "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d
14 1108, 1120 n.14 (9th Cir. 2003).

15 (The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said
16 notices again concurrently with motions to dismiss for failure to exhaust available administrative
17 remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

18 5. All communications by plaintiff with the Court must be served on defendants'
19 counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard
20 any document which a party files but fails to send a copy of to his opponent. Until a defendant's
21 counsel has been designated, plaintiff may mail a true copy of the document directly to the
22 defendant, but once a defendant is represented by counsel, all documents must be mailed to
23 counsel rather than directly to that defendant.

24 6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
25 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
26 before the parties may conduct discovery.

27 7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the
28 Court informed of any change of address and must comply with the Court's orders in a timely

8

1  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2  to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every
3  pending case every time he is moved to a new facility.
4      8.    Any motion for an extension of time must be filed no later than the deadline sought
5  to be extended and must be accompanied by a showing of good cause.
6      9.    Plaintiff is cautioned that he must include the case name and case number for this
7  case on any document he submits to the Court for consideration in this case.
8  **IT IS SO ORDERED.**
9  Dated:  7/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge