UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JEROME WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>E HAZEL, et al.,<br><br>    Defendants. | Case No. 16-cv-01136-HSG (PR)<br><br>**ORDER SCREENING AMENDED COMPLAINT** |

## INTRODUCTION

On March 7, 2015, plaintiff, an inmate at Pelican Bay State Prison (PBSP), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On July 1, 2016, the Court issued an order of partial service and partial dismissal with leave to amend. Plaintiff's amended complaint (Docket No. 7) is currently before the Court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The amended complaint ("FAC") alleges the following:

Plaintiff was previously incarcerated at Salinas Valley State Prison ("SVSP") where he was pursuing a *pro se* civil action in state court for dental malpractice and negligence against California Correctional Healthcare Services. FAC at 3.[1] On July 5, 2015, while still incarcerated at SVSP, plaintiff received a June 12, 2015 order in his state court action denying his "petition for late claim filing." *Id.* Plaintiff had until August 12, 2015 to appeal the order. FAC at 4. On July 6, 2015, he prepared a notice of appeal and had four copies made. FAC at 3-4. He intended to mail them out that evening to the state court of appeal. *Id.* Later in the day, however, plaintiff

---

[1] All page numbers used herein refer to those affixed to the top of the page by the court's electronic filing program.

was informed that he would be transferred to PBSP within the hour and was directed to pack his property. FAC at 4. When he informed an SVSP correctional officer that he had legal documents to mail out that evening, he was instructed to mail them from PBSP. *Id.*

Later that day, plaintiff arrived at Pleasant Valley State Prison ("PVSP") for a "layover." *Id.* The following day, he arrived at PBSP. *Id.* Upon arrival he noticed that his property had not arrived with him. *Id.* Plaintiff spoke with California Department of Corrections and Rehabilitation Transportation Sergeant E. Hazel. *Id.* Hazel informed plaintiff that plaintiff had "too many boxes," that the property was left at PVSP, and that it would arrive "in a couple of weeks, maybe a month." *Id.* When plaintiff informed Hazel that his property included legal documents that needed to be filed, Hazel directed him to file an inmate appeal. *Id.*

On July 8, 2015, plaintiff submitted a request form to PBSP Receiving and Release Sergeant B. Davis informing him of the court deadline and requesting that the property be located and delivered to plaintiff. *Id.* In response, PBSP Receiving and Release Correctional Officer M. Chandler replied that "PBSP has not received any property for you." *Id.*

On July 9, 2015, plaintiff filed an inmate appeal, which he forwarded to the PBSP appeals coordinator. FAC at 4-5. PBSP Associate Government Program Analyst N. Bramucci then forwarded the appeal to the appeals coordinator at PVSP. *Id.* On July 21, 2015, PVSP Associate Government Program Analyst J. Vierra cancelled the appeal as "resolved," stating that "On 07-20-15, Sgt. Carr in R & R was contacted. He confirmed your property was sent to PBSP via Golden State Overnight (GSO) on 07-14-15." FAC at 5. Plaintiff received the notice of cancellation on August 2, 2015, whereupon he resubmitted the appeal to the PBSP appeals coordinator, stating that the issue had not been resolved as his property had still not been issued. *Id.* N. Bramucci forwarded the appeal back to PVSP on August 3, 2015. *Id.* On August 13, 2015, J. Vierra again cancelled the appeal stating that he must appeal the cancellation of an appeal by submitting a new appeal. *Id.*

Upon receiving the second cancellation, on August 26, 2015, plaintiff filed a new appeal and forwarded it to the appeals coordinator at PVSP. *Id.* Plaintiff received his property on September 15, 2015, after his state court filing deadline had passed. FAC at 6.

2

On September 21, 2015, J. Vierra interviewed plaintiff by telephone in response to the new appeal and informed plaintiff that if the new appeal was granted, the original appeal "would be retained at PVSP and heard." FAC at 5. The new appeal was partially granted on September 22, 2015, with the PVSP warden stating that "Sending [plaintiff's] property to PBSP did not resolve [the] entire issue as [the] issue regarding the affidavit needed to be addressed." *Id.* The response went on to advise plaintiff that if he was dissatisfied with this resolution, he could submit the appeal to the Director of Corrections for Third Level Review. *Id.* On October 7, 2015, plaintiff submitted the appeal for Third Level Review. *Id.* The appeal was cancelled at the Third Level on November 3, 2015. *Id.* Plaintiff never received a decision on his original appeal. FAC at 5-6.

**DISCUSSION**

**I.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
2 right secured by the Constitution or laws of the United States was violated; and (2) that the
3 violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
4 42, 48 (1988).

## II. Legal Claims

### A. Access to Courts

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55. Destruction or confiscation of legal work may violate an inmate's right to access to the courts. *See Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989); *Bounds v. Smith*, 430 U.S. at 828.

Giving the *pro se* amended complaint the liberal construction to which it is entitled, the allegations are sufficient to state a Section 1983 claim for denial of access to the courts as against E. Hazel, B. Davis, M. Chandler, N. Bramucci, and J. Vierra.

### B. Due Process

Plaintiff also alleges a due process claim against E. Hazel, claiming as follows:

> Defendant, E. Hazel, a CDCR Transportation Sergeant delegated with the power and authority to decide whether or not to transport an inmate's property on his bus with said inmate being transported or utilize established CDCR procedures to have said Inmate's property transported through other CDCR shipping options, failed in his concomitant duty to initiate a meaningful hearing with Plaintiff, Stephen J. Williams, prior to making a decision to leave Plaintiff, Stephen J. Williams['] , property at Pleasant Valley State Prison, as a procedural safeguard authorized by the Director's Operational Manual, that would have provided Plaintiff with an opportunity to disclose to Defendant, E. Hazel, that he had a court deadline, and that his property contained legal documents that he needed to retrieve and file with the court in order to meet this court deadline.

FAC at. 10.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing

4

prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). This is because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." *Hudson*, 468 U.S. at 533.

If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim). *Parratt* does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc). In those instances, the Fourteenth Amendment requires "an opportunity . . . granted at a meaningful time and in a meaningful manner, . . . for a hearing appropriate to the nature of the case." *Logan*, 455 U.S. at 437.

Giving the *pro se* amended complaint the liberal construction to which it is entitled, the allegations are sufficient to state a Section 1983 claim for denial of due process as against E. Hazel.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court finds that the amended complaint states the following cognizable claims: denial of access to courts against defendants E. Hazel, B. Davis, M. Chandler, N. Bramucci, and J. Vierra; and denial of due process against defendant E. Hazel. The amended complaint is the

1  operative complaint and supersedes the original complaint.

2      2.    Defendants have already been ordered served.  Accordingly, the scheduling order
3  set forth in the Court's July 1, 2016 order of service remains in effect.  Defendants may seek an
4  extension of time provided the request is accompanied by a showing of good cause.

5      **IT IS SO ORDERED.**

6  Dated:  August 15, 2016

                                            _____
                                            HAYWOOD S. GILLIAM, JR.
                                            United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN JEROME WILLIAMS,

        Plaintiff,

   v.

E HAZEL, et al.,

        Defendants.

Case No. 16-cv-01136-HSG

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 15, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Stephen Jerome Williams ID: P-77060
PBSP
P O Box 7500
Crescent City, CA 95532

Dated: August 15, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Nikki D. Riley, Deputy Clerk to the
Honorable HAYWOOD S. GILLIAM, JR.

7