UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN JEROME WILLIAMS,

Plaintiff,

v.

E HAZEL, et al.,

Defendants.

Case No. 16-cv-01136-HSG

**ORDER DENYING MOTION TO VACATE JUDGMENT**

Re: Dkt. No. 37

Plaintiff, a California prisoner currently incarcerated at Ironwood State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that Defendants denied him access to the courts. On September 25, 2017, the Court granted Defendants' motions to dismiss and dismissed the amended complaint with prejudice. Dkt. Nos. 35 and 36. Final judgment was entered that same day, and Plaintiff did not appeal. Pending before the Court is Plaintiff's motion titled "Motion to Vacate Judgment Rule 59(e) Fed. R. Civ. P.," filed on October 16, 2017. Dkt. No. 37. For the reasons set forth below, Plaintiff's motion is DENIED.

**DISCUSSION**

**I.    Legal Standard**

The Court construes Plaintiff's motion to vacate judgment as a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal quotation marks and citation omitted). Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which

might have been raised prior to the challenged judgment." *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (citing cases). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." *Id*.

## II. Analysis

Plaintiff argues that Court committed clear error in dismissing the amended complaint without leave to amend because the Court mischaracterized his allegations and failed to liberally construe the amended complaint. Specifically, Plaintiff argues that the Court should have liberally construed his allegation that Defendants failed to locate and issue him his property in time for him to meet his court deadline as alleging that Defendants deliberately withheld his property with the intent of causing him to miss his deadline; that the Court erroneously applied an inapplicable standard of "malicious intent" to an access to the court claim; and that *Parratt v. Taylor*, 451 U.S. 527 (1981), remains good law with respect to property deprivation that is neither random nor unauthorized and that is undertaken without a hearing. Dkt. No. 37.

Plaintiff's first argument is contradicted by the allegations in the amended complaint and the attached exhibits. Specifically, Plaintiff now argues that his property was in the possession of Defendants PBSP Officers Davis and Chandler, and that Defendants deliberately failed to issue him his property in order to prevent him from accessing the courts. However, according to the amended complaint and the attached exhibits, Officers Davis and Chandler came into possession of Plaintiff's property after the supposed filing deadline. Plaintiff's property arrived at PBSP on July 15, 2015, Dkt. No. 7 at 7, and Plaintiff had informed PBSP Officers Davis and Chandler that he had a July 12, 2015 deadline, Dkt No. 7 at 4 and Dkt. No. 7-1 at 28 and 33. Even construed liberally, the amended complaint alleged no facts that would plausibly support an inference that PBSP Officers Davis and Chandler knew that Plaintiff had miscalculated his filing deadline, and that they were deliberately withholding Plaintiff's property so that he would miss the actual filing deadline.

Plaintiff's other two arguments were addressed and rejected in the Court's Order Granting Motions to Dismiss, *see*, *e.g.*, Dkt. No. 35 at 9–10 (setting forth qualified immunity standard); 13 (distinguishing between stating a cognizable constitutional claim in motion to dismiss context and

2

clearly established law regarding First Amendment violations); 13–14 (discussing whether there is clearly established law requiring prison officials to take affirmative steps to assist in meeting court deadlines); and 21 (discussing overruling of *Parratt*), and the Court will not repeat that analysis here.

Plaintiff has not shown that the Court committed clear error. Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. Dkt. No. 37. This case remains closed.

**IT IS SO ORDERED.**

Dated: December 1, 2017

HAYWOOD S. GILLIAM, JR.
United States District Judge